IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-22-779-R |
| | ) |
| EDEN POIROT, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is the Report and Recommendation entered by United States Magistrate Judge Gary Purcell (Doc. No. 12) regarding Plaintiff's Motion for Injunctive Relief (Doc. No. 7). Plaintiff Raheem La'Monze Plater, a state prisoner appearing *pro se*, has timely filed his objections to this Report and Recommendation. (Doc. No. 15). Upon *de novo* review of the record, the Court ADOPTS the Report and Recommendation and DENIES Plaintiff's Motion for Injunctive Relief.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Eden Poirot, Lawton Correctional Facility ("LCF") Captain, and GEO Group, Inc. asserting violations of his constitutional rights, fraud, and a claim under the Religious Land Use and Institutionalized Persons Act. (*See* Doc. No. 1). In his Motion for Injunctive Relief (Doc. No. 7), Plaintiff seeks to "preliminarily enjoin the execution of LCF-040204 or Property Restriction" after having his clothes, soap, bedding, legal materials, and Quran confiscated for a seventeen-day period beginning April 21, 2021 and ending May 8, 2021. (Doc. No. 1, at 13; Doc. No. 7, at 4). In his Report & Recommendation, Judge Purcell recommends

that the Motion be denied because "Plaintiff has not established that such harm is likely to occur again and/or that he is under an immediate threat of being similarly injured." (Doc. No. 12, at 4).

A preliminary injunction is warranted when a movant establishes that four factors weigh in his favor: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009); *see also* Fed. R. Civ. P. 65; *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Plaintiffs "seeking prospective relief must show more than past harm or speculative future harm." *Riggs v. City of Albuquerque*, 916 F.2d 582, 586 (10th Cir. 1990). Instead, they must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22.

Plaintiff has not established that absent injunctive relief, he will likely suffer "property restriction" in the immediate future. More than one year has passed since he was last subjected to property restriction, and he does not set out in his Motion that he is under immediate threat of enduring property restriction again. As Judge Purcell notes, "Plaintiff does not indicate in his Motion that he or anyone else has suffered a similar deprivation since" he was subjected to property restriction in Spring 2021. In his Objection to the Report and Recommendation, Plaintiff alleges new facts suggesting that two other inmates, Antonio Hargrave and Edmond Bean, have suffered similar property restrictions within the last three months. (Doc. No. 15, at 2, 4). Issues raised for the first time in objections to the

Magistrate Judge's Report and Recommendation are not considered.[1] *See Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006) (affirming the district court's decision not to consider new evidence submitted in an objection to a Report and Recommendation because it "would frustrate the process of having a magistrate judge make a recommendation, because a litigant who is displeased with the recommendation could always place before the district judge material which was never before the magistrate judge."); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *Traylor v. Jenks*, 223 F. App'x 789, 791 (10th Cir. 2007).

For the reasons stated in the Report and Recommendation, Plaintiff's Motion for Injunctive Relief fails because he has not established that such harm is likely to occur again or that he is under an immediate threat of being similarly injured. The Report and Recommendation (Doc. No. 12) is hereby ADOPTED in its entirety, and Plaintiff's Motion (Doc. No. 7) is DENIED.

IT IS SO ORDERED this 2nd day of November 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff may file a new motion for injunctive relief to assert additional facts—including those raised in his objection (Doc. No. 15)—regarding the practice of "property restriction" at the LCF so that it may be considered by the U.S. Magistrate Judge.